UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Bridget Byrd, Lamond Byrd, and Gennie Byrd,

        Plaintiffs,

v.

Rosenia Smith, Magistrate of District Court of Tuscaloosa County, Alabama; David A. Jones, Investigator in Juvenile Division, City of Tuscaloosa, Alabama Police Department; Dornelle Cousette, Investigator in Juvenile Division, City of Tuscaloosa, Alabama Police Department; and City of Tuscaloosa, Alabama, Lenora Williams, and Samuel Williams,

        Defendants.
_____/

Case No. 13-13352

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFFS' MOTION TO WITHDRAW [13 & 23]**

Currently before the Court is Defendants'[1] motion to dismiss the complaint for lack of personal jurisdiction or for improper venue. Alternatively, Defendants seek a transfer of this action to the United States District Court for the Northern District of Alabama, Western Division, under the doctrine of *forum non conveniens*. Plaintiffs oppose this motion, arguing

---

[1] This motion was filed by Defendants Rosenia Smith, Magistrate of District Court of Tuscaloosa County, Alabama; David A. Jones, Investigator in Juvenile Division, City of Tuscaloosa, Alabama Police Department; Dornelle Cousette, Investigator in Juvenile Division, City of Tuscaloosa, Alabama Police Department; and City of Tuscaloosa, Alabama. Defendants Lenora and Samuel Williams subsequently joined in the motion. As such, the Court will use "Defendants" when referring to all Defendants, and "Government Defendants" when referring to Defendants Smith, Jones, Cousette, and Tuscaloosa City.

that the requirements of federal due process and Michigan's long-arm statute have been met. For the reasons set forth below, the Court GRANTS IN PART Defendants' motion as it relates to Defendants Rosenia Smith, Magistrate of District Court of Tuscaloosa County, Alabama; David A. Jones, Investigator in Juvenile Division, City of Tuscaloosa, Alabama Police Department; Dornelle Cousette, Investigator in Juvenile Division, City of Tuscaloosa, Alabama Police Department; and City of Tuscaloosa, Alabama and hereby DISMISSES them from this case.

Furthermore, in light of the dismissal of all state actor defendants, Plaintiffs' claim in Count V under 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution fails as a matter of law, and is hereby DISMISSED without prejudice.

Additionally, that portion of Defendants' motion seeking dismissal for improper venue or transfer of venue under the doctrine of *forum non conveniens* is denied.

Finally, Plaintiffs' motion to withdraw Lamond and Gennie Byrd as plaintiffs and dismiss their claims without prejudice is GRANTED, and Plaintiffs Lamond and Gennie Byrd's claims are DISMISSED without prejudice.

**I. FACTS**

The core facts of this case spring from a bitter child custody dispute. Plaintiff Bridget Byrd is the mother of six children. The custody of one of Ms. Byrd's children has been awarded to Ms. Byrd's mother and stepfather - Defendants Lenora and Samuel Williams, in Alabama. The custody award was granted in 2013, after several years of fighting between the Williamses and Ms. Byrd and Ms. Byrd's father and stepmother (collectively, "the Byrds"). The fighting included at least two events characterized by both sides as kidnappings of the child in question.

Currently the child lives in Alabama with the Williamses. Plaintiff Ms. Byrd lives in Michigan. Plaintiff is joined in this lawsuit by her father and stepmother, Lamond and Gennie Byrd, however Lamond and Gennie Byrd are now seeking to withdraw from the case.

Plaintiffs allege that after one of the kidnappings, the Williamses filed a report with the Tuscaloosa, Alabama Police Department that eventually resulted in a warrant being issued for the Byrd's arrest. Indeed, two of the Byrds were arrested in Michigan as a result of the warrants being passed along to the authorities here.

Plaintiffs allege that the arrest warrants were fraudulent because they were based on unsubstantiated statements made by the Williamses. Plaintiffs' evidence, however, suggests that the statements made by the Williamses to the police were, if not 100% accurate, close enough to exhibit a good faith attempt at explaining a legal arrangement involving a custodial guardianship. Plaintiffs include a police report with their response to Defendants' motion which states that the Williamses had a legal guardianship over the child in question, both in Michigan and in Alabama.

The Government Defendants are alleged to have acted negligently in the issuance and transmittal of the warrants to the authorities in Michigan. Plaintiffs, however, do not allege, nor do they supply any evidence to indicate which Government Defendant is responsible for sending the warrants to Michigan. Further, Plaintiffs have not alleged or demonstrated any facts to suggest that any of the Government Defendants have acted in a way that would create personal jurisdiction in this case in Michigan. The only allegation that is relevant to this analysis comes in Bridget Byrd's affidavit, which states that she had "several conversations" with Defendant Dornelle Cousette. The allegation however, is

3

unclear as to whether those conversations took place over the phone while Ms. Byrd was in Michigan or in person when she was in Alabama.

Plaintiffs bring multiple claims against Defendants, all but one of which sound in traditional tort. The remaining claim is a 42 U.S.C. § 1983 claim for a violation of due process and equal protection, which, although the complaint does not specify, necessarily must be directed solely at the Government Defendants.

## II. ANALYSIS

Defendant s' motion raises the issue of personal jurisdiction. As there are government agent defendants, a municipal defendant, and private individual defendants, the personal jurisdiction analysis will address each category in turn.

### A. Jurisdiction Generally

This Court has jurisdiction over this matter by way of the sole 42 U.S.C. § 1983 claim in the complaint, that is to say, the Court has federal question jurisdiction over this matter. Additionally, with the voluntary withdrawal of Ms. Byrd's father and stepmother from the case, the Court, in the absence of the § 1983 claim, will continue to have subject matter jurisdiction over the case by way of diversity of citizenship.

"When a federal court has federal question [jurisdiction], personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[ ] due process." *Cmty. Trust Bancorp, Inc. v. Cmty. Trust Fin. Corp.*, 692 F.3d 469, 471 (6th Cir. 2012) (internal quotations and citations omitted).

### B. Long-Arm Jurisdiction

4

The Michigan long-arm statute specifies conditions under which Michigan courts may exercise specific personal jurisdiction over nonresident individual defendants and nonresident corporate defendants. Relevant to this matter, Michigan's long-arm statute provides personal jurisdiction over individuals who "caus[e] an act to be done, or consequences to occur, in the state resulting in an action for tort," or who own[], use, or possess[]...real or tangible personal property situated within the state." Mich. Comp. Laws § 600.705. Additionally, relevant to Defendant City of Tuscaloosa, Alabama - which is a municipal corporation - Michigan Compiled Law § 600.715 confers personal jurisdiction over a corporation where the corporation "caus[es] an act to be done, or consequences to occur, in the state resulting in an action for tort."

Should the Court determine that Michigan's long-arm statute is satisfied, the next step is to examine the contacts with Michigan to ensure that application of long-arm jurisdiction comports with the requirements of due process. Specifically, the Court must undertake a three part due process examination. The Court must conclude that:

> [first,] the defendant...purposefully avail[ed] himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Cmty. Trust Bancorp, Inc.,* 692 F.3d at 471. If the Court determines that any of the three due process prongs are not satisfied, personal jurisdiction fails.

It should be noted that Plaintiffs bear the burden of establishing through "specific facts" that personal jurisdiction exists over Defendants, and that they must make this demonstration by a preponderance of the evidence. *Conn v. Zakharov*, 667 F.3d 705, 711

5

...

(6th Cir. 2012). However, where, as here, Defendants have moved to dismiss the case under Rule 12(b)(2) for lack of personal jurisdiction and the Court does not hold an evidentiary hearing on the matter, Plaintiff need only make a *prima facie* case on the issue of personal jurisdiction. *Id.* From this procedural posture, the Court does not weigh the facts disputed by the parties but instead considers the pleadings in the light most favorable to Plaintiff, although Defendants' undisputed factual assertions are taken into consideration. *Id.*

### 1. The Government Defendants

From the facts before the Court it cannot be disputed that the actions taken by the Government Defendants are extremely attenuated from the resulting events in Michigan giving rise to this lawsuit, namely the brief incarceration of Plaintiffs in Michigan as a result of the arrest warrants issued on the basis of the claims made in the Williamses' report to the Tuscaloosa authorities regarding one of the alleged kidnappings of their granddaughter.

#### a. Defendants Rosenia Smith and David A. Jones

Specifically, Defendant Smith's performance of her judicial duties that resulted in the issuance of a warrant in Alabama and Defendant Jones' actions in applying for that Alabama warrant are so attenuated from any events that occurred in Michigan that this Court cannot conclude under any reasonable theory of causation that their actions "caus[ed] an act to be done, or consequences to occur, in [Michigan] resulting in an action for tort." As such, Michigan's long-arm statute is not satisfied as to Defendants Rosenia Smith and David A. Jones, and they are hereby DISMISSED from this case for a lack of personal jurisdiction.

#### b. Defendant Dornelle Cousette

Defendant Cousette's actions are attenuated from the events that took place in Michigan, however, because he worked with the federal agents who caused the Alabama warrant to make its way to Michigan, a direct line of causation can be established from his actions in Alabama to the events in Michigan. As such, Michigan's long-arm statue is satisfied as to Defendant Cousette.

As noted above, however, the inquiry does not end there. In order for the Court to exercise personal jurisdiction over Defendant Cousette it must be able to do so without violating the due process requirements of the Fourteenth Amendment. For the reasons that follow, the Court concludes that exercising personal jurisdiction over Mr. Cousette would indeed violate his due process rights.

The Sixth Circuit recently applied the three part due process personal jurisdiction analysis in *Community Trust Bancorp, Inc.* There, the court noted that:

> the constitutional touchstone of personal jurisdiction [is] the purposeful availment requirement [which] ensures that the defendant's actions create a substantial connection to the forum state, such that the defendant should reasonably anticipate being haled into court there. Such a requirement protects a defendant from being haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person.

*Cmty. Trust Bancorp, Inc.,* 692 F.3d 471-72 (internal citations and quotation marks omitted).

The Court finds the Sixth Circuit's reasoning above to be dispositive of this issue. Defendant Cousette's actions with regard to the warrant reaching Michigan were not only random and fortuitous, but the contact with Michigan was entirely the result of another party's unilateral activity, namely, Plaintiff's flight to Michigan from Alabama. In other words,

7

Mr. Cousette had no control whatsoever over Plaintiff's choice of Michigan as a destination and such, his resultant contact with Michigan was completely fortuitous.

Additionally, in the event that one could construe Defendant Cousette's actions as satisfying the purposeful availment due process prong, there is no reasonable interpretation of the facts and allegations that supports a clearing of the second due process prong - that the cause of action arose from his activities in Michigan.

In other words even if Defendant Cousette purposefully availed himself to cause a consequence in Michigan, the exercise of specific jurisdiction only complies with due process if the cause of action has a substantial connection with the his in-state activities. *Cmty. Trust Bancorp, Inc.*, 692 F.3d at 472. Here, it is undisputed that the only activities Defendant Cousette took that could be considered "in-state" activities under the most liberal reading of that term imaginable, are "several conversations...regarding the return of [Ms. Byrd's] daughter." B. Byrd Aff. ¶ 7. It not even clear that these were telephone conversations wherein Ms. Byrd was in Michigan and Mr. Cousette was in Alabama, but assuming *arguendo* that those were circumstances under which the conversations took place, that activity did not give rise to the cause of action. Rather, the cause of action flows from the allegedly fraudulent warrants. Conversations regarding the custody status of Ms. Byrd's child is a separate activity from any actions taken by Mr. Cousette with regard to the warrants.

In light of the above, the Court cannot exercise personal jurisdiction without violating the due process rights of Defendant Dornelle Cousette, and as such, he is hereby DISMISSED from this case for lack of personal jurisdiction.

    c. **The City of Tuscaloosa**

Given the foregoing finding of no personal jurisdiction over all of the Defendants that could be considered agents of the City of Tuscaloosa, there can be no personal jurisdiction over Tuscaloosa, because being a municipal corporation, Tuscaloosa can only act by way of it agents. As such, the City of Tuscaloosa and any of its subdivisions or departments that may be included as Defendants in this case are hereby DISMISSED for lack of personal jurisdiction.

### 2. The Williamses

It is alleged and uncontested that the Williamses own real property in Michigan. Michigan's long-arm statute specifically extends personal jurisdiction to the owners of real property in Michigan, and as such, the long-arm statute is satisfied with regard to the Williamses.

As for the three step due-process analysis, the Williamses' due process rights would not be violated by this Court's exercise of personal jurisdiction over them because of the Williamses act of picking up their granddaughter from Michigan and removing her from the state. In other words, the three part due-process test is satisfied as to the Williamses because: 1) they purposefully caused a consequence in Michigan, namely, removing Ms. Byrd's child from the state; 2) the cause of action is the last link in the chain of events set off by the Williamses removal of the child, and; 3) the act is substantially connected to Michigan in that the child's mother, Ms. Byrd, lives here.

Defendants' motion to dismiss, therefore, is DENIED as to Defendants Lenora Williams and Samuel Williams.

### B. The Section 1983 Claim Necessarily Fails as a Matter of Law

In light of the above dismissal of the Government Defendants, Plaintiff s' 42 U.S.C. § 1983 claim must fail. Under the facts alleged and evidence offered by Plaintiffs, there is no set of circumstances where the Williamses' actions could be considered taken "under color of state law."

The Williamses are private citizens, and the only relevant interaction that they had with the state under a § 1983 analysis is the police report they filed after the second kidnapping incident. Indeed, Plaintiff s' claims, including their § 1983 claim, largely flow from their brief incarceration as a result of the Williamses' filing of a police report, and therefore it is of particular relevance that the Sixth Circuit has specifically stated that in the context of a 42 U.S.C. § 1983 claim, "[p]roviding information to the police, responding to questions about a crime, and offering witness testimony at a criminal trial does not expose a private individual to liability for actions taken 'under color of law.'" *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009). Here, the Williamses only provided information to the police and responded to questions about a crime, which, under *Moldowan*, does not give rise to § 1983 liability.

The Court, therefore, DISMISSES without prejudice Plaintiffs' claims found in Count V, including any and all claims arising under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

Having dismissed the § 1983 claim and in light of the following withdrawal of two Plaintiffs that would have destroyed diversity jurisdiction where it otherwise would have existed, the Court is now sitting in diversity jurisdiction over this case.

### C. Plaintiffs Gennie and Lamond Byrd's Claims Are Dismissed without Prejudice

Plaintiffs filed a motion for the withdrawal of Gennie and Lamond Byrd as plaintiffs and the dismissal of their claims without prejudice. Defendants failed to respond to Plaintiffs' motion. As such, the Court GRANTS Plaintiffs' Gennie Byrd and Lamond Byrd's motions and DISMISSES them from this case.

### D. A Substantial Part of the Events Giving Rise to Plaintiff's Claims Occurred In the Eastern District of Michigan

Defendants also move to dismiss the case for improper venue. In response, Bridget Byrd, the remaining plaintiff, relies on *First of Mich. Corp. v. Bramlet*, 141 F.3d 260 (6th Cir.1998), for the proposition that venue is proper in Michigan because her claims have "substantial" contacts to Michigan despite the fact that her claims may have more substantial contacts elsewhere.

The statutory language governing venue is found at 28 U.S.C. § 1391, and in pertinent part, it states that "[a] civil action may be brought in–...(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2).

In construing the language of 28 U.S.C. § 1391(b)(2), the Sixth Circuit in *First of Mich. Corp.* explicitly held that "the plaintiff may file his complaint in any forum where a substantial part of the events or omissions giving rise to the claim arose; this includes any forum with a substantial connection to the plaintiff's claim." *First of Michigan Corp.*, 141 F.3d at 263. The *First of Michigan* court reached this conclusion after looking to the commentary accompanying the statutory revisions that created the current statutory language, which

noted that "[i]f the selected district's contacts are "substantial," it should make no difference that another's are more so, or the most so. *Id.*

Plaintiff's claims have a substantial connection to this judicial district. Plaintiff lives here, her daughter was picked up here by the Williamses not once but twice, and the bulk of the Plaintiff's claimed injuries have their effect here. As noted above, a plaintiff may bring suit in *any* forum with a substantial connection to her claim. In this case, the Court finds the Eastern District of Michigan to be one such forum, and the fact that another district may have a more substantial connection to this case is immaterial for the purposes of dismissing a case for improper venue.

Therefore, the Court DENIES Defendants' motion insofar as it seeks to dismiss this case for improper venue.

### E. The Factors Relevant to a Motion to Change Venue Under 28 U.S.C. § 1404 Do Not Weigh in Favor of a Change of Venue

Finally, Defendants move for a change of venue under 28 U.S.C. § 1404, which allows for the transfer of districts "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28. U.S.C. § 1404(a). Plaintiff argues that the factors the Court must consider when making a determination under § 1404 weigh in favor of not transferring the case. For the following reasons, the Court agrees that the interests of justice would not be served by transferring this case to Alabama.

As an initial matter, it should be noted that, in light of the dismissal of the Government Defendants and two of the Plaintiffs, the Court's analysis on this matter focuses solely on

the interests of the remaining Plaintiff, Ms. Byrd, and the remaining Defendants, the Williamses.

When a district court considers a § 1404(a) motion (or a *forum non conveniens* motion), the court "must evaluate both the convenience of the parties and various public-interest considerations. Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve the convenience of parties and witnesses and otherwise promote the interest of justice." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581, 187 L. Ed. 2d 487 (2013). (internal citation and quotation marks omitted). Those "relevant factors" are:

> relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive....[The court also considers] the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law. The Court must also give some weight to the plaintiffs' choice of forum.

*Atl. Marine Const. Co., Inc.,* 134 S. Ct. 568, n.6, (internal citations and quotation marks omitted).

Here, Plaintiff is a single mother of five children who chose this district as the venue best suited to her needs. The Williamses own real property here and are alleged to have visited Michigan several times in the recent past. Plaintiff has listed multiple witnesses located in Michigan, and without the Government Defendants, the witness list for the defense will likely be truncated. The factors laid out above when applied to the facts of this case, therefore, weigh in favor of Plaintiff.

13

In light of the foregoing, it appears to the Court that a change of venue is not called for, and Defendants' motion for a change of venue is therefore DENIED.

### III. CONCLUSION

For the reasons stated above, the Court hereby:

1. DISMISSES from this case for lack of *in personam* jurisdiction the following Defendants: Rosenia Smith, Magistrate of District Court of Tuscaloosa County, Alabama; David A. Jones, Investigator in Juvenile Division, City of Tuscaloosa, Alabama Police Department; Dornelle Cousette, Investigator in Juvenile Division, City of Tuscaloosa, Alabama Police Department; and City of Tuscaloosa, Alabama;

2. DISMISSES Plaintiffs' Count V claim under 42 U.S.C. § 1983, as that claim fails as a matter of law in light of the dismissal of the Government Defendants;

3. GRANTS Plaintiffs' motion to dismiss Plaintiffs Gennie Byrd and Lamond Byrd, and hereby DISMISSES them from this case without prejudice;

4. DENIES Defendants' motion for dismissal for improper venue, and;

5. DENIES Defendants' motion for change of venue.

SO ORDERED.

                                        s/Nancy G. Edmunds
                                        Nancy G. Edmunds
                                        United States District Judge

Dated: May 14, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 14, 2014, by electronic and/or ordinary mail.

                                        s/Carol J. Bethel
                                        Case Manager